IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3147-FL

| | |
|---|---|
| STANLEY EARL CORBETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| G.J. BRANKER, *et al.*, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

This cause comes before the Court upon Plaintiff's motion for a temporary restraining order ("TRO"). (DE-23). Defendants initially failed to respond to Plaintiff's request. On November 3, 2011 the undersigned ordered Defendants to respond, and they did so on November 17, 2011 (DE-30). Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation.

On August 5, 2011, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 alleging that prison officials were deliberately indifferent to his serious medical needs. (DE-1). In the instant motion, Plaintiff seeks an order restraining prison personnel from having any contact with his mail, food, personal property or himself while this action is pending. In support of this request, Plaintiff asserts, *inter alia*: 1) he has "consistently had problems with mailroom staff holding [and] denying [his] legal mail" (DE 23-2, pg. 5); 2) he is being harassed by prison officials in retaliation for filing the instant Complaint (DE 23-2, pg. 4); and 3) prison officials are not permitting him to communicate with "people in society that can help [him] litigate [and] expose

how [he] is being treated by the defendants and their staff."   (DE 23-2, pg. 6).

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. *See, e.g.*, U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n. 1 (4th Cir. 2006). *See also*, Woods v. County of Wilson, 2011 WL 4460619 (E.D.N.C. September 26, 2011).   A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).   Plaintiff has not demonstrated the existence of any of these factors.

First, although Plaintiff's Complaint has survived frivolity review (DE-5), he has not demonstrated that he is likely to succeed on the merits.   Nor has he alleged facts that would make him likely to succeed if his claims of harassment and retaliation had been filed in a separate lawsuit.   Likewise, despite conclusory assertions to the contrary, Plaintiff has not specifically alleged facts demonstrating that he would likely suffer irreparable harm without the entry of a TRO.

Finally, the balance of equities tips in favor of Defendants.   Plaintiff's request is contrary to the public interest.   In this case, the public interest requires a balance between Plaintiff's desire to be free of supervision by prison staff and the need to maintain a secure correctional institution. Plaintiff's request that prison staff have no contact with him, his food, or his mail is unreasonable. Moreover, the decisions made by prison administrators in their informed discretion have been accorded "wide-ranging deference" by the federal courts. Jones v. North Carolina Prisoner's Union, 433 U.S. 119, 126 (1977).   As long as prison authorities are rationally pursuing a

legitimate penological objective, the administrator has the "last word." <u>Pittman v. Hutto</u>, 594 F.2d 407, 412 (4th Cir. 1977). Judicial recognition that courts are ill-equipped to deal with problems of prison administrators " . . . reflects no more than a healthy sense of realism." <u>Procunier v. Martinez</u>, 416 U.S. 396, 405 (1974).

For these reasons, it is RECOMMENDED that Plaintiff's motion for a TRO (DE-23) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, November 21, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE