IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3147-FL

| | | |
|---|---|---|
| STANLEY EARL CORBETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| G.J. BRANKER and LIEUTENANT SHELTON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for a temporary restraining order (DE # 23), to which defendants responded. The court's review of this motion is conducted with benefit of the memorandum and recommendation ("M&R") filed on November 21, 2011, by United States Magistrate Judge William A. Webb, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein he recommends that the court deny plaintiff's motion. Plaintiff timely filed objection to the M&R, and defendants did not respond. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the court adopts the recommendation of the magistrate judge and denies plaintiff's motion for a temporary restraining order.

## BACKGROUND

On August 5, 2011, plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging defendants acted with deliberate indifference to his serious medical needs. Plaintiff subsequently filed a motion for a temporary restraining order seeking an order restraining prison officials from having any contact with his mail, food, personal property, or himself while this action is pending. Plaintiff asserts that a temporary restraining order is necessary because prison officials have denied

him access to courts, retaliated against him, tampered with his food, and tampered with his mail. Plaintiff also alleges that he is being unfairly disciplined. In response to plaintiff's motion, defendants argue that plaintiff is unable to establish the elements necessary to obtain a temporary restraining order.

On November 21, 2011, the M&R was issued recommending that plaintiff's motion for a temporary restraining order be denied, and plaintiff timely objected.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A temporary restraining order or preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary

2

injunction or preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346.

The court has conducted a *de novo* review of those aspects of the M&R to which plaintiff objects, see 28 U.S.C. § 636(b)(1)(C). In his objection plaintiff clarifies that he is not seeking a temporary restraining order against the entire department of correction. Rather, he requests that the court order defendants and their staff to be assigned to another housing unit or that plaintiff be transferred to another maximum facility. However, as found by the magistrate judge, plaintiff has not demonstrated that he is likely to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Nor has plaintiff demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of defendants for the reasons set forth by the magistrate judge. Thus, upon *de novo* review, the court concludes that plaintiff has not met the standard for issuing a temporary restraining order, and his motion is DENIED.

Accordingly, for the reasons set forth above, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 31) in full and AFFIRMS the magistrate judge's order on plaintiff's motions for a temporary restraining order. Thus, plaintiff's motion (DE # 23) is DENIED.

SO ORDERED, this the 27th day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge

3