IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3147-FL

| | | |
|---|---|---|
| STANLEY EARL CORBETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GERALD J. BRANKER AND | ) | |
| LIEUTENANT ROBIN SHELTON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE # 33) of defendants Gerald J. Branker ("Branker") and Robin Shelton ("Shelton"), to which plaintiff responded. Also before the court is plaintiff's motion to compel discovery (DE # 41). Defendants did not respond to plaintiff's motion. In this posture, these matters are ripe for adjudication. For the following reasons, the court grants defendants' motion, but denies plaintiff's motion.

**STATEMENT OF THE CASE**

On August 5, 2010, plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Defendants thereafter filed motion for summary judgment, arguing that plaintiff's Eighth Amendment claim is without merit. Alternatively, defendants argue they are entitled to qualified immunity. Plaintiff subsequently filed a motion to compel discovery and a response to defendants' motion for summary judgment.

**STATEMENT OF THE FACTS**

The undisputed facts are as follows. Plaintiff, a state inmate, is incarcerated at Central Prison in unit one. On December 2, 2005, plaintiff was diagnosed with bursitis in his left shoulder. Plaintiff re-injured his shoulder during a "use of force" incident on October 19, 2008, and has experienced shoulder pain since that date. Compl. 3. Prison staff has treated plaintiff for his shoulder injury with pain medication and physical therapy.

Central Prison policy states that inmates in unit one may not take items into the recreation cells. Shelton Aff. ¶ 5. On January 21, 2010, plaintiff was seen by physical therapist Wayne Gray ("Gray"), who provided him the following instruction: "IM needs to exercise his left shoulder with the yellow band I supplied today. He should be allowed to exercise as I instructed 10 minutes per day." Pl.'s Resp. Ex. A. Plaintiff states that Gray instructed him to "tie the band to a pole or the bars" and to "stretch it." Compl. 4. Plaintiff claims that performing the prescribed exercises prevents his shoulder from becoming stiff.

Since January 21, 2010, plaintiff has repeatedly asked unit one staff at Central Prison to permit him ten (10) minutes of exercise outside of his cell on the two days when he is not scheduled for recreation. Plaintiff also asked that he be permitted to bring his exercise band to the recreational area on the days that he is scheduled to have one hour of recreation. Plaintiff filed a grievance complaining that staff would not allow him to bring his physical therapy rubber band to the recreation cells. Shelton Aff. ¶ 4 and Ex. A. In response to plaintiff's grievance, Shelton asked Gray whether plaintiff could conduct his exercises in his cell. Id. ¶ 6. Gray responded that "'Inmate Corbett could complete his therapy in his cell using his plastic band.'" Id. Shelton then responded to plaintiff's grievance and informed him that his therapy could be completed in his cell. Id. and Ex. A.

2

Plaintiff contends that defendants created a policy that allowed the unconstitutional conduct of staff. Plaintiff additionally states that his inability to perform his exercises has caused him pain and could result in the development of arthritis in his left shoulder. Finally, plaintiff states that defendants' conduct has caused him to experience emotional and mental distress.

## DISCUSSION

A.  Motion for Continuance

Before addressing defendants' motion for summary judgment, the court considers plaintiff's request for a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)).[1] "As a general rule, summary judgment is appropriate only after adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted). However, "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must

---

[1] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) previously was codified as Rule 56(f). See Fed.R.Civ.P. 56, advisory committee's note ("The standard for granting summary judgment remains unchanged . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).")

be essential to [the] opposition. " Scott v. Nuvell Fin. Servs., 2011 WL 2222307, *4 (D. Md. June 7, 2011) (quotation and citation omitted). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

Here, on June 10, 2011, the court denied defendants' April 19, 2011, motion for a protective order and issued a case management order setting a discovery deadline of August 8, 2011. Accordingly, plaintiff's March 16, 2012, motion to compel is untimely. Further, plaintiff has failed to show that discovery would develop evidence crucial to material issues before the court. Thus, plaintiff's motion for a continuance to conduct discovery and pursuant to Rule 56(d) and his motion to compel are DENIED.

B.    Summary Judgment

    1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two--prong test to analyze first. Pearson, 555 U.S. at 242.

Plaintiff alleges defendants acted with deliberate indifference to his serious medical needs. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme

5

Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Assuming, without deciding, that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, the court turns its attention to the second prong, i.e., whether defendants acted with deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Here, the evidence in the record reflects that plaintiff was housed in unit one at Central Prison which prohibits inmates from taking items into the recreation area. Shelton Aff. ¶ 5. Plaintiff filed a grievance complaining that he was unable to perform his prescribed exercises because he was not allowed out of his cell to perform the exercises and because he was prohibited from taking his exercise band into the recreational area. In the course of investigating plaintiff's grievance, Shelton spoke with Gray who informed him that plaintiff could perform his prescribed exercises within his cell. Id. ¶ 6. In turn, Shelton denied plaintiff's grievance based upon his conversation with Gray. Id. and Ex. A. Branker upheld the decision in Step II of the grievance process. Id.

Plaintiff, in response, alleges that the evidence in the record reflects that Shelton did not consult Gray regarding plaintiff's prescribed exercises. Specifically, plaintiff states: "Mr. Wayne Gray knows that he issued me a 'rubber yellow band," so why would he tell Lt. Shelton that I could complete my therapy in my cell using a 'plastic' band? Rubber and plastic are two different things, which shows that he made up a lie to try to cover up his illegal conduct." Mem. in Supp. of Pl's Resp. p. 9. The court, however, does not view the linguistic nuances of Shelton's statement as sufficient proof that he did not speak with Gray regarding plaintiff's physical therapy. Moreover, the prescription Gray provided plaintiff does not state that the exercises must be performed outside of plaintiff's cell. Pl.'s Resp. Ex. A. Accordingly, the court finds that there is no evidence that defendants had knowledge of and disregarding plaintiff's shoulder condition. Rather, the evidence reflects that defendants investigated plaintiff's condition and relied upon the opinion of Gray, plaintiff's physical therapist. See Shakka, 71 F.3d at 167; see Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990) (finding that prison officials are entitled to rely on medical judgments and expertise of prison physicians and medical personnel concerning the course of treatment deemed necessary for inmates).

Based upon the foregoing, plaintiff is not able to satisfy the subjective prong of the Eighth Amendment test. Accordingly, there is no constitutional violation, and defendants are entitled to qualified immunity for plaintiff's Eighth Amendment claims. Because plaintiff has not demonstrated that defendants' violated his constitutional rights, the court finds that plaintiff has failed to demonstrate that defendants created a policy that allowed unconstitutional conduct.

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment (DE # 33) is GRANTED. Plaintiff's untimely motion to compel (DE # 41) and his motion for a continuance (DE # 39) are DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge